**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 94-20007

MALCOLM EARL THOMAS,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S "MOTIONS FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE"**

Before the court is Defendant's motion to reduce his sentence based on the 2011 amendments to the provisions of the United States Sentencing Guidelines governing cocaine-base offenses. The motion has been fully briefed, and the court heard oral argument on January 13, 2012. For the reasons stated below and discussed on the record at the motion hearing, the court will deny Defendant's motion.

On October 11, 1994, Defendant was convicted after a jury trial of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). At Defendant's sentencing on January 13, 1995, the court found that Defendant was responsible for between 150 and 500 grams of cocaine base, which corresponded to a base offense level of 34 under the operative drug-quantity table in section 2D1.1 of the Sentencing Guidelines. Additionally, the court determined that Defendant was a career offender, but, as application of the career-offender guidelines yielded a lower base offense level of 32, the court calculated his guidelines range using the cocaine-base guidelines. The latter, when coupled with Defendant's criminal history category of V, resulted in a guidelines

range of 262-327 months imprisonment. Accounting for an undischarged state sentence of forty-eight months under section 5G1.3(b) of the Guidelines, the court imposed a sentence of 264 months.

Effective November 1, 2007, the Sentencing Commission amended section 2D1.1 of the Guidelines, and the base offense level applicable to offenses involving between 150 and 500 grams of cocaine base was lowered to 32. *See* U.S.S.G. app. C, amend. 706. The amendment was subsequently made retroactive, *see id.* amend. 711, and Defendant filed a motion to reduce his sentence on May 4, 2009. The Government agreed that Defendant was eligible for resentencing using a base offense level of 32—the same offense level applicable to Defendant under the career-offender guidelines—and a guidelines range of 210-262 months imprisonment. On August 13, 2009, the court granted Defendant's motion and reduced Defendant's sentence to 212 months.

After Congress passed the Fair Sentencing Act of 2010, the Sentencing Commission enacted a retroactive amendment that again adjusted the drug quantity table in section 2D1.1, effective November 1, 2011. *See id.* amend. 750. Under these changes, offenses involving 150 to 500 grams of cocaine base may yield a base offense level lower than 32. *See* U.S.S.G. § 2D1.1(b)(5), (6). Consequently, on October 3, 2011, Defendant filed a *pro se* motion to reduce his sentence. The court appointed Defendant counsel, who filed a second motion to reduce Defendant's sentence on December 6, 2011.

Under 18 U.S.C. § 3582(c)(2), the court may reduce the term of imprisonment of a defendant sentenced based on a sentencing range that has subsequently been

lowered by the Sentencing Commission, if such a reduction is warranted by the factors set forth in 18 U.S.C. § 3553(a) and is consistent with applicable policy statements issued by the Sentencing Commission. A defendant does not qualify for a reduction if a retroactive amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A). In this case, after granting Defendant's motion to reduce his sentence based on the 2007 cocaine-base amendments, the court sentenced Defendant as a career offender. As the 2011 cocaine-base amendments do not alter the career-offender guidelines, Defendant is ineligible for a sentence reduction based on those amendments. *See United States v. Perdue*, 572 F.3d 288, 292-93 (6th Cir. 2009).

Defendant does not contest that he is a career offender or that the court properly calculated his guidelines range under the career-offender provisions when imposing his current sentence. Instead, he argues that the court can nevertheless reduce his sentence based on the factors listed in § 3553(a) and the policies articulated in section 1B1.10 and section 4A1.3 of the Sentencing Guidelines. Furthermore, he argues that the court should reduce his 212-month sentence by forty-eight months in order to account for the undischarged state sentence he was serving at the time of his original sentence. *See* U.S.S.G. § 5G1.3(b).

As a first matter, there is no indication in the record that, when the court resentenced Defendant on August 13, 2009, it failed to adequately account for the § 3553(a) factors or other policy considerations set forth in the Sentencing Guidelines, including Defendant's undischarged state sentence. However, even if the court agreed

with the premise that those considerations militated for a reduction of Defendant's sentence, the court cannot modify a defendant's term of imprisonment once it is imposed, absent statutory authorization. See 18 U.S.C. § 3582(c). As discussed above, § 3582(c)(2) and section 1B1.10 do not allow the court to reduce Defendant's sentence based on the 2011 cocaine-base amendments to the Sentencing Guidelines, and Defendant can identify no other legal basis for the relief he requests. Accordingly,

IT IS ORDERED that Defendant's "Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Defense" [Dkt. # 181, 186] are DENIED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: January 23, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 23, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\94-20007.THOMAS.DenMotRetroAppCrackAmends.set.wpd